STIFFLER et al., Appellants,

v.

DRAKE et al.; U.S. Surgical Corporation, Appellee.

[Cite as *Stiffler v. Drake* (1997), 121 Ohio App.3d 95.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 96–CO–18.

Decided July 7, 1997.

*Anthony N. Gemma,* for appellants.

*David C. Comstock* and *Lawrence R. Springer,* for defendants.

WAITE, Judge.

This appeal arises out of a decision by the Columbiana County Court of Common Pleas granting summary judgment in favor of appellee, U.S. Surgical Corporation. This case is being considered solely on the brief of appellants as appellee has failed to file an answer brief.

On May 4, 1994, Marie E. Stiffler and Buddy G. Stiffler filed a complaint in the Columbiana County Court of Common Pleas against Daniel W. Drake, D.O. and Salem Community Hospital. The complaint alleged that on December 21, 1992, appellant, Marie E. Stiffler underwent surgery at Salem Community Hospital by Drake. As alleged in the complaint, during the surgery Drake and Salem Community Hospital were negligent and such negligence caused injury to appellants. Appellants' brief sets out that during the surgery, Drake used a stapling device known as an autosuture endo gia. This device was manufactured and marketed by U.S. Surgical. Six months after the surgery it was determined that the head of the staple device had broken off and was left in the body of Marie Stiffler.

On December 21, 1994, appellants filed an amended complaint adding U.S. Surgical, Autosuture Division, as a defendant. On August 2, 1995, U.S. Surgical filed a motion for summary judgment arguing that appellants' claims of negligence under Ohio law are preempted by the Medical Device Amendments ("MDA") of 1976 to the Federal Food, Drug, and Cosmetic Act ("FDCA"), Section 360, Title 21, U.S.Code. Following the filing of a motion in opposition to summary judgment by appellants, the trial court issued a written judgment entry granting summary judgment in favor of U.S. Surgical. This appeal followed.

Appellants present one assignment of error, which reads as follows:

"The trial court committed error in entering summary judgment in favor of Defendant–Appellee U.S. Surgical Corp."

Based on a recent decision of the United States Supreme Court, we find that this assignment has merit, reverse the judgment and remand this matter.

Appellants argue that at the time the trial court issued its judgment entry granting summary judgment, there was no definitive ruling from the United States Supreme Court regarding whether state law is preempted by the MDA. Shortly after the trial court ruled here, the United States Supreme Court decided in another matter that the MDA does not preempt state law.

In *Medtronic, Inc. v. Lohr* (1996), 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700, the court stated as follows:

"Congress enacted the Medical Device Amendments of 1976, in the words of the statute's preamble, 'to provide for the safety and effectiveness of medical devices intended for human use.' 90 Stat. 539. The question presented is whether that statute pre-empts a state common-law negligence action against the manufacturer of an allegedly defective medical device. Specifically, we must consider whether Lora Lohr, who was injured when her pacemaker failed, may rely on Florida common law to recover damages from Medtronic, Inc., the manufacturer of the device."

After reviewing the policy considerations for enactment of the MDA, Justice Stevens considered whether the MDA preempted Florida negligence law. The Lohrs had filed a complaint against Medtronic for negligence and strict liability under Florida law. Medtronic, the manufacturer of the Lohr pacemaker, filed a motion for summary judgment arguing that the claims were preempted by the MDA. Writing for the majority, Justice Stevens stated:

"In its petition, Medtronic argues that the Court of Appeals erred by concluding the Lohrs' claims alleging negligent design were not pre-empted by 21 U.S.C. § 360k(a). That section provides that 'no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement (1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and (2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter. Medtronic suggests that any common-law cause of action is a 'requirement' which alters incentives and imposes duties 'different from, or in addition to' the generic federal standards that the FDA has promulgated in response to mandates under the MDA. In essence, the company argues that the plain language of the statute pre-empts any and all common-law claims brought by an injured plaintiff against a manufacturer of medical devices.

"Medtronic's argument is not only unpersuasive, it is implausible. Under Medtronic's view of the statute, Congress effectively precluded state courts from affording state consumers any protection from injuries resulting from a defective medical device. Moreover, because there is no explicit private cause of action against manufacturers contained in the MDA, and no suggestion that the Act created an implied private right of action, Congress would have barred most, if not all, relief for persons injured by defective medical devices. Medtronic's construction of § 360k would therefore have the perverse effect of granting complete immunity from design defect liability to an entire industry that, in the judgment of Congress, needed more stringent regulation in order 'to provide for the safety and effectiveness of medical devices intended for human use,' 90 Stat. 539 (preamble to Act). It is, to say the least, 'difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct,' *Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 251 [104 S.Ct. 615, 623, 78 L.Ed.2d 443, 454] (1984), and it would take language much plainer than the text of § 360k to convince us that Congress intended that result. " * * *

"The legislative history also confirms our understanding that § 360(k) simply was not intended to pre-empt most, let alone all, general common-law duties enforced by damages actions. There is, to the best of our knowledge, nothing in

the hearings, the committee reports, or the debates suggesting that any proponent of the legislation intended a sweeping pre-emption of traditional common-law remedies against manufacturers and distributors of defective devices. If Congress intended much a result, its failure even to hint at it is spectacularly odd, particularly since Members of both Houses were acutely aware of ongoing product liability litigation. Along with the less-than-precise language of § 360k(a), that silence surely indicates that at least some common-law claims against medical device manufacturers may be maintained after the enactment of the MDA." (Footnotes omitted.) *Id.* at 486–491, 116 S.Ct. at 2251–2253, 135 L.Ed.2d at 716–719.

Finally, the court stated as follows:

"Accordingly, the judgment of the court of Appeals is reversed insofar as it held that any of the claims were pre-empted and affirmed insofar as it rejected the pre-emption defense. The cases are remanded for further proceedings." *Id.,* 518 U.S. at 503, 116 S.Ct. at 2259, 135 L.Ed.2d at 726.

In the case currently before us, the trial court in its judgment entry filed on September 9, 1995 adopted the reasoning of the First Circuit Court of Appeals in *Mendes v. Medtronic, Inc.* (C.A.1, 1994), 18 F.3d 13, decided prior to *Medtronic, Inc. v. Lohr, supra.* The lower court determined that federal law preempted the Stifflers' state claims against U.S. Surgical and dismissed U.S. Surgical as a defendant.

Based on the most recent division in *Medtronic, Inc. v. Lohr, supra,* the United States Supreme Court has now held that the type of claim considered in this matter is not preempted by the MDA. The assignment of error in hereby sustained. Accordingly, this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

Cox and VUKOVICH, JJ., concur.